THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN HERNANDEZ, Appellant. [992 NYS2d 433]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered November 29, 2011, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree (two counts), attempted assault in the first degree and conspiracy in the third and fourth degrees, and sentencing him to three concurrent terms of 15 years to run consecutively to concurrent terms of $2^1/_3$ to 7 years and $1^1/_3$ to 4 years, unanimously modified, on the law, to the extent of vacating the fourth-degree conspiracy conviction and dismissing that count of the indictment, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The weapon and attempted assault convictions were supported by police observations, which were corroborated by the recovery of cartridge cases at the scene. There was ample evidence to support the conspiracy convictions, including recorded telephone conversations.

The court properly exercised its discretion in denying defendant's motion to sever his trial from that of his codefendants. There were no antagonistic defenses, and the evidence relating to the acts of the codefendants was admissible against defend-

ant and necessary to prove conspiracy (*see People v Mahboubian*, 74 NY2d 174, 183 [1989]; *People v Council*, 98 AD3d 917, 918 [1st Dept 2012], *lv denied* 20 NY3d 1060 [2013]).

As the People concede, the fourth-degree conspiracy count should have been dismissed as an inclusory concurrent count.

We perceive no basis for reducing the sentence. Concur— Sweeny, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.